UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BETHANY DIONNE MARCUM; ALEC TOMAS CARTER WILKES; and K.W., <br><br>Petitioners, <br><br>v. <br><br>OLMSTED COUNTY HEALTH, HOUSING, AND HUMAN SERVICES, formerly known as Olmstead County Child and Family Services, Olmsted Community Services, <br><br>Respondent. | Case No. 24-CV-2655 (JWB/JFD) <br><br>**REPORT AND RECOMMENDATION** |

Petitioner Bethany Dionne Marcum is the biological mother of petitioner K.W., a minor child. Respondent Olmsted County Health, Housing, and Human Services initiated proceedings in state court against Ms. Marcum seeking to terminate her parental rights with respect to K.W. The state district court concluded, on grounds not relevant to this action, that termination of Ms. Marcum's parental rights would be in the best interests of K.W. That decision was recently affirmed by the Minnesota Court of Appeals, *see In the Matter of Welfare of Child of B.D.M.*, No. A23-1768, 2024 WL 1612068 (Minn. Ct. App. Apr. 15, 2024), and the Minnesota Supreme Court declined to review the case.

Ms. Marcum has filed a petition for a writ of habeas corpus naming herself, K.W., and the child's deceased father as petitioners. In the petition, Ms. Marcum seeks two things: First, she wants her parental rights restored; second, she wants Olmsted County to

1

pay monetary damages due to the allegedly unlawful behavior of the county's employees. *See* Petition at 15 [Dkt. No. 1]. Ms. Marcum's habeas petition, like all habeas petitions, is subject to review upon filing pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, the undersigned recommends that this matter be dismissed without prejudice.

There are two immediate problems with Ms. Marcum's habeas petition. The first problem is that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). Ms. Marcum is not in the custody of Olmsted County, the State of Minnesota, or any other governmental entity, and the relief she is seeking is not her release from custody. The second, related problem is that much of the relief that Ms. Marcum is seeking (monetary damages) is unavailable to litigants in habeas corpus proceedings. *See, e.g.*, *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999). Habeas corpus is for getting out of detention sooner, not for seeking compensation from the government for having wrongfully been in detention. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

Ms. Marcum's rejoinder, no doubt, would be that although *she* is not in custody, K.W. is in the custody of Olmsted County following the termination of parental rights, and K.W. has been named as a petitioner to this action as well. But here there are two further problems. First, Ms. Marcum is not an attorney and may not litigate in federal court on

2

behalf of K.W. *See* 28 U.S.C. § 1654.[1]  Second, although challenges to child custodial arrangements through habeas corpus were not unknown at common law in England and in several states, "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 511 (1982).  The federal habeas corpus statutes simply do not extend to the type of governmental "custody" in which K.W. has been placed.  *See id.* at 515-16; *Amerson v. State of Iowa, Dep't of Human Services*, 59 F.3d 92, 93-95 (8th Cir. 1995) (per curiam).

Ms. Marcum, then, plainly cannot seek habeas corpus relief.  But as this Court just explained, Ms. Marcum is not a lawyer, and errors merely in the form in which a pleading is presented by a non-attorney to the Court should not act as a barrier to relief if the pleading otherwise sets forth a viable claim for relief.  *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).  Suppose that Ms. Marcum had not invoked the federal habeas corpus statutes as a source of relief, but rather had filed a civil complaint presenting the same allegations and seeking the same relief.  If this hypothetical pleading were viable, then the Court could simply interpret the habeas petition as being in the appropriate form, provided that Ms. Marcum consented to the recharacterization.  *See id.*

---

[1] To be sure, 28 U.S.C. § 2242 provides a partial exception to the rule of § 1654 in habeas proceedings by permitting, in some circumstances, a "next friend" to litigate on behalf of an incapacitated petitioner.  *See Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990).  But any such "'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate . . . ."  *Id.* at 163.  The interests of Ms. Marcum and K.W. are quite plausibly antagonistic.  Ms. Marcum wants her parental rights to be restored; the Minnesota state courts concluded that it was in the best interests of K.W. that Ms. Marcum's parental rights be terminated.  That factual finding regarding the best interests of K.W. would be presumed correct in habeas proceeding.  *See* 28 U.S.C. § 2254(e)(1).

3

But Ms. Marcum would equally face problems even if her pleading had not been labeled as a habeas petition. Federal district courts do not sit in appellate judgment of the state courts (outside the habeas context—and again, habeas corpus relief is not available to Ms. Marcum). To the extent that Ms. Marcum is seeking invalidation of the state-court judgment terminating her parental rights, this Court would lack jurisdiction over that challenge. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). To the extent that Ms. Marcum seeks monetary relief from Olmsted County on the basis that her constitutional rights were violated through the manner in which K.W. was seized, Ms. Marcum has not alleged that Olmsted County itself acted unlawfully—that is, she does not allege that Olmsted County has an official policy or sanctioned unofficial practice of unlawful seizures, or that the wrongdoing is the result of recklessly inadequate training. Instead, Ms. Marcum asks that Olmsted County "accept liability of it's [sic] employees acting within the scope of their employment and [for] punitive damages for civil actions of the employees." Petition at 15. But governmental entities cannot "be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). Ms. Marcum would not have been able to procure monetary relief from Olmsted County had she alleged in a non-habeas pleading—as she alleges in her habeas pleading—only that Olmsted County's employees had acted unlawfully. Reinterpretation of the pleading would therefore do Ms. Marcum little good.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated: July 10, 2024                              _s/ John F. Docherty_____
                                                  JOHN F. DOCHERTY
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).