UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bethany Dionne Marcum, Alex Tomas Carter Wilkes, and K.W., | Civ No. 24-2655 (JWB/JFD) |
| Plaintiffs, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Olmsted County Health, Housing, and Human Services, *HHH*, *formerly known as* Olmsted County Child and Family Services, Olmsted Community Services, | |
| Defendant. | |

---

Bethany Dionne Marcum, pro se Plaintiff.

Brent Eliot Walz, Esq., and Jennifer Diane Plante, Esq., Olmsted County Attorney's Office, and Edwin William Stockmeyer, III, Esq., and Thomas R. Ragatz, Esq., Minnesota Attorney General's Office, counsel for Defendant.

---

On July 10, 2024, Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R"), advising that Plaintiff Bethany Dionne Marcum's Petition for a Writ of Habeas Corpus be dismissed. (Doc. No. 2 at 5.) Ms. Marcum timely objected to the R&R (Doc. No. 4) and also filed two Motions to Appoint Counsel. (Doc. Nos. 9–10.) For the reasons below, Ms. Marcum's objection is overruled, the R&R is accepted, Ms. Marcum's petition is dismissed without prejudice, and the Motions to Appoint

1

Counsel are denied as moot.

## BACKGROUND

On July 8, 2024, Plaintiff Bethany Dionne Marcum ("Ms. Marcum") filed a Petition for Writ of Habeas Corpus on behalf of herself, her daughter K.W., and K.W.'s deceased father. (*See* Doc. No. 1.) The chief aim of Ms. Marcum's petition is to regain parental rights over K.W., which were terminated through state court proceedings initiated by Defendant Olmsted County Health, Housing, and Human Services ("Olmsted County") based on a finding that Ms. Marcum had been physically and emotionally abusive of K.W. *In re B.D.M.*, No. A23-0311, 2023 WL 5525069, *1–2 (Minn. App. Aug. 8, 2023). Ms. Marcum also seeks monetary damages from Olmsted County. (Doc. No. 1 at 15.)

The R&R advises dismissing Ms. Marcum's petition for three reasons. (Doc. No. 2 at 2–4.) First, state guardianship proceedings may not be challenged through writs of habeas corpus. (*Id.* at 2.) Second, there is no federal jurisdiction to invalidate the state court proceedings that led to the revocation of Ms. Marcum's parental rights. (*Id.* at 2–4.) Third, even construing the petition to be a civil complaint, Ms. Marcum does not provide enough factual allegations to sufficiently plead a *Monell* claim for money damages against Olmsted County or, in other words, plausibly allege that Olmsted County has an official or unofficial policy or practice of unlawfully detaining children. (*Id.* at 3–5.) Ms. Marcum objects, alleging that K.W. was "unlawfully detained" by Olmsted County prior to the approval of a Termination of Parental Rights petition or Child in Need of Protection and/or Services petition. (*See* Doc. No. 4 at 1–2, 4–5.)

## ANALYSIS

I. **Standard of Review**

District courts review the portions of the R&R to which a party objects de novo and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn LR 72.2(b)(3). When a party fails to file specific objections to an R&R, de novo review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is pro se, her objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II. **Analysis**

Habeas relief is restricted to individuals who are in custody in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). Specifically, a writ of habeas corpus addresses challenges related to the validity of a prisoner's conviction or length of their detention. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Because Ms. Marcum is not in custody or detained by any governmental entity, her claim is not one in which habeas relief is available. *See, e.g.*, *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999).

Setting aside whether K.W. is properly a part of the case, a writ of habeas corpus

3

may not be used to challenge the conditions of K.W.'s state guardianship. Federal habeas claims are unavailable "to challenge parental rights or child custody." *Lehman v. Lycoming Cnty. Child.'s Services Agency*, 458 U.S. 502, 511 (1982). As a result, state guardianships are not a type of "custody" within the meaning of the federal habeas statute. *See id.* at 515–16; *Amerson v. State of Ia., Dep't of Human Services*, 59 F.3d 92, 93-95 (8th Cir. 1995) (per curiam). Therefore, K.W.'s state guardianship may not be challenged through a federal habeas petition.

No objection is made to the R&R's finding that federal jurisdiction does not extend to reviewing the state court parental rights proceedings. As a result, this portion of the R&R is reviewed for clear error. Federal courts have classified family- and family-property related issues as having state interests, so using a federal habeas petition to challenge state child custody decisions "would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Lehman*, 458 U.S. at 511–12. There is no federal jurisdiction to invalidate a state court's decision regarding the termination of parental rights. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923). Therefore, no clear error is found.

Ms. Marcum objects to the R&R's finding that her petition does not include sufficient factual matter to plausibly state a claim against Olmsted County under 42 U.S.C. § 1983. (Doc. No. 4 at 2.) To state a § 1983 claim against a municipality, such as Olmsted County, Ms. Marcum must have alleged a pattern of unconstitutional behavior or acts by municipal agents. *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). The objection lodged by Ms. Marcum fails because she has only alleged one

4

supposed instance of wrongdoing, which is insufficient to allege an official or unofficial pattern or practice of unconstitutional behavior on the part of Olmsted County. *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (holding that only alleging a single instance of municipal wrongdoing is insufficient to state a plausible claim for relief). As a result, her objection must be overruled, and her petition dismissed as recommended.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in the case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Bethany Dionne Marcum's Objection to the Report and Recommendation (Doc. No. 4) is **OVERRULED**;

2. The July 10, 2024 Report and Recommendation (Doc. No. 2) is **ACCEPTED**;

3. Plaintiff's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts;

4. Plaintiff's August 27, 2024 Motion to Appoint Counsel (Doc. No. 9) is **DENIED AS MOOT**; and

5. Plaintiff's August 29, 2024 Motion to Appoint Counsel (Doc. No. 10) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: October 11, 2024

      *s/ Jerry W. Blackwell*
      JERRY W. BLACKWELL
      United States District Judge